# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS



WILL WILSON
ATTORNEY GENERAL

December 16, 1960

Honorable Shelby H. Blaydes          Opinion No. WW-973
District Attorney
County of Pecos                       Re: Discretion of Commis-
Fort Stockton, Texas                      sioners' Court in
                                          calling bond election
Dear Sir:                                 under Art.4478, V.C.S.

You have requested our opinion on these questions:

> "(1) Does the Commissioners Court of
> Pecos County, Texas, have any discre-
> tion in the matter of whether or not
> to call an election on the proposition
> as set forth in a petition for an elec-
> tion, a true copy of which (other than
> signatures) is attached hereto as Ex-
> hibit 'A' and made a part hereof, if the
> petition meets all the requirements as
> set forth in Article 4478,R.C.S.
>
> "(2) When a County has in operation one
> or more county hospitals, and when the
> Commissioners Court of said County is
> presented with a petition drawn under
> Article 4478 calling for the purchase by
> said County of an additional hospital
> facility, and the petition as presented
> is in compliance with all of the provi-
> sions of Article 4478, must the Commis-
> sioners Court call an election for the
> purpose of purchasing the additional
> facility called for in such petition for
> hospital purposes, or does the Commis-
> sioners Court have any discretion in the
> matter under Article 4490, R.C.S. of whe-
> ther or not to call an election on the

proposition set forth in the petition
resulting in a bond election to be held
by said County."

Attached to your request is a copy of a "Petition for a
County Hospital Bond Election" which was duly presented to
the Commissioners' Court whereby the Commissioners' Court
is requested to submit the following proposition:

"SHALL the Commissioners' Court of
Pecos County, Texas, be authorized
to issue the bonds of said County
in the total principal amount of
NINETY SEVEN THOUSAND DOLLARS
($97,000.00), to mature serially
within any given number of years
not to exceed TWENTY (20) years
from the date thereof, and to bear
interest at a rate not to exceed
FIVE PER CENTUM (5%) per annum,
payable annually or semi-annually;
and to levy ad valorem taxes suffi-
cient to pay the interest on said
bonds and to create a sinking fund
to pay the principal thereof at ma-
turity, for the purpose of purchas-
ing, improving, altering and repair-
ing an existing building in the City
of Fort Stockton, Texas, known as
GIPSON HOSPITAL and located upon the
following described realty in Pecos
County, Texas, to-wit:

Lots 2 through 10, in Block 20;
and the West 63' of Lot 11, in
Block 20; and the North 22' of
the East 75' of Lot 11, in Block
20; and the East 1/2 of Lots 1
and 3, in Block 20; and Lots 9,
10 and 11, in Block 28, all lo-
cated in the OLD FORT ADDITION

> to the City of Fort Stockton,
> Pecos County, Texas, together
> with all improvements located
> thereon.
>
> Said building and said premises to be
> used as an additional hospital building
> and for all necessary permanent improve-
> ments in connection therewith, pursuant
> to authority conferred by the Constitu-
> tion and laws of the State of Texas,
> particularly Section 9 of Article 8, of
> the Constitution, and Chapter 1, Title
> 22 and Chapter 5, Title 71, Revised Civil
> Statutes of 1925, as amended?"

You also state as follows:

> ". . . Pecos County currently owns two
> hospitals of a total capacity of 50 beds.
> One, a hospital of 32 beds, is located in
> Fort Stockton.  The other, a hospital of
> 18 beds, is located in Iraan.  . . ."

Article 4478, V.C.S., is in part as follows:

> "The Commissioners' Court of any
> county shall have power to estab-
> lish a county hospital and to en-
> large any existing hospitals for
> the care and treatment of persons
> suffering from any illness, disease
> or injury, subject to the provisions
> of this chapter.  At intervals of not
> less than twelve months, ten per cent
> of the qualified property tax paying
> voters of a county <u>may petition such
> court to provide for the establishing
> or enlarging of a county hospital,</u> in
> which event said court within the time

> designated in such petition shall sub-
> mit to such voters at a special or
> regular election the proposition of
> issuing bonds in such aggregate amount
> as may be designated in said petition
> <u>for the establishing or enlarging of</u>
> <u>such hospital</u>. . . ." (Emphasis added)

The underlined language of this statute clearly contemplates that the qualified property taxpaying voters of a county may petition the Commissioners' Court ". . . to provide for the establishing or enlarging of a county hospital, . . ." The proposition contained in the petition here presented to the Commissioners' Court goes beyond these purposes in that it specifically describes by metes and bounds the property to be acquired.

The statute does not authorize the petitioners to name the site or location of the proposed facility and this remains a matter to be determined by the Commissioners' Court in the exercise of its sound discretion. In answer to your first question it is our opinion that it is not mandatory that the Commissioners' Court call an election upon this petition but it <u>may</u> do so if it so desires, providing the petition is properly executed by the requisite number of qualified persons.

Your second question is hypothetical because the Commissioners' Court has not been presented with a petition other than that discussed above. We regret that we may not pass upon hypothetical situations. If in the future the Commissioners' Court should be presented with another petition we shall be glad to examine a copy and render an opinion.

## SUMMARY

> The petition presented goes beyond
> the purposes set out in Article 4478,
> V.C.S., and it is not mandatory that

the Commissioners' Court call an
election, although it may do so.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: Howard W. Mays
Howard W. Mays
Assistant

HWM-s

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Gordon C. Cass
Tom McFarling
Martin DeStefano
Jerry H. Roberts

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore